UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT LAKES INSURANCE SE,<br>      Plaintiff<br><br>v.<br><br>436 ASHMONT STREET CONDO ASSOCIATION, TRUSTEES OF 436 ASHMONT STREET CONDOMINIUM TRUST, and MICHAEL NEE,<br>      Defendants | Case No.: 1:21-cv-11149 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**INTRODUCTION**

1.      This is a Complaint for declaratory judgment, pursuant to 28 U.S.C. §§2201, 2202 and 1332, to determine the parties' rights, obligations, and liabilities under a general liability policy, bearing number UKP60303 ("the Policy"), issued and written by Great Lakes Insurance SE ("Great Lakes") to 436 Ashmont Street Condo Association ("the Association"), for the policy period of May 3, 2020 to June 3, 2020. This action specifically seeks a determination that Great Lakes has no coverage obligations under the Policy to 436 Ashmont for the claims asserted in the civil action entitled <u>Trustees of 436 Ashmont Street Condominium Trust v. Michael J. Nee as Declarant of 436 Ashmont Street Trust as Trustee and Individually as Owner of Unit 4</u>, Suffolk Superior Court, Civil Action No. 19-03792 ("the Nee Action").

**PARTIES**

2.      Great Lakes is an insurance company, with a principal place of business in Munich, Germany.

3. The Association is an association of condominium owners of the 436 Ashmont Condominium, located at 436 Ashmont Street, Boston, Suffolk County, Massachusetts.

4. The Association is the Named Insured under the Policy.

5. The Trustees of 436 Ashmont Street Condominium Trust are the duly elected/appointed members of the governing body of 436 Ashmont Street Condominium Trust ("the Trust"), under Declaration of Trust recorded with the Suffolk County Registry of Deeds in Book 24938 Page 066.

6. The Defendant, Michael Nee, is the owner of Unit 4 of the 436 Ashmont Condominium ("Nee").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of costs and interest, based on the claimed damages sought by Nee against the Trust in the Nee Action.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the case concerns coverage for a condominium association which manages a property located in Massachusetts.

## FACTS

9. 436 Ashmont Condominium is a mixed-use condominium in Boston, Massachusetts, consisting of two buildings; one with three residential units, and the other with one commercial unit, Unit 4, established by Master Deed recorded in the Suffolk County Registry of Deeds in Book 24938, Page 51 and by Declaration of Trust recorded with the Registry in Book 24938, Page 66.

10. The Association, the Trustees and/or the residential condominium unit-owners maintain that they were not aware that Unit 4 was part of the condominium until 2017 when they

received an unsolicited letter inquiring about purchasing Unit 4. They ultimately discovered that Nee was the record owner of Unit 4.

11. Nee was developer of the condominium and signed the original deed and the Trust creating the condominium.

12. Nee was involved in multiple conveyances of Unit 4 and regained title in 2008. Nee never obtained 6D certificates[1] for any of the conveyances of the unit. Nee is the original Trustee of the Trust. The Trust maintains that Nee never relinquished his role as trustee. However, Nee appeared to have abandoned his unit, Unit 4.

13. Once the Association, the Trustees and/or the residential condominium unit-owners learned of Unit 4 and identified its owner, they sought to recover unpaid condominium fees, costs of insurance and other expenses for Unit 4.

14. The Trustees assert there was an error in that Master Deed in that commercial repairs were erroneously assessed to the residential owners. Nee refused to agree to an amendment to the Master Deed unless a 6D Certificate was provided. The Trust, not the named insured, the Association, filed suit in the Nee Action and against Nee as an individual, and as Trustee and Declarant of the Trust, and asserts claims of violation of M.G.L. c. 183A, § 6(a) and 6(c) (for unpaid fees and expenses), breach of fiduciary duty, fraudulent concealment, malfeasance and common law fraud, and quantum meruit/unjust enrichment.

15. Nee filed counterclaims against the Trustees, for which the Trustees now seeks defense and indemnity under the Great Lakes policy. Nee asserts that the Trustees had a duty to repair and maintain the common areas associated with Unit 4, including the roof, exterior surfaces

---

[1] A 6D Certificate is a certificate that all condominium fees have been paid in full, required before the sale of a unit.

and structural components, and are responsible for 90% of the costs associated with the repair and maintenance.

16. Nee seeks a judgment declaring that the Trustees' failure to repair or maintain the common areas was in violation of the condominium's governing documents, and he seeks preliminary and permanent injunctions requiring the Trustees to take sufficient action to repair the common areas. Nee also seeks a declaratory judgment that the Trustees' adoption of an amendment to the Master Deed without the approval of all unit-owners is a violation of the condominium's governing documents, and he asks the court to issue preliminary and permanent injunctions enjoining the Trustees from adopting any amendments without the approval of all unit-owners. Nee also seeks damages in his derivative claim for breach of fiduciary duty for the costs of repairs and maintenance.

17. Great Lakes denied coverage for the Trustees and/or Association for the claims asserted in the Nee Action.

18. The Policy provides, in relevant part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

. . .

**SECTION I – COVERAGES**


**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**


1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

4

However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

. . .

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; …

. . .

**2. Exclusions**

This insurance does not apply to:

. . .

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or
**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . . .

. . .

**j. Damage to Property**

"Property damage" to:

**(1)** Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
. . .

**SECTION V — DEFINITIONS**
. . .

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

**CG 00 01 04 13**

. . .

## LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION

This endorsement modifies insurance provided under the following:

   COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Premises:** |
|---|
| 436 Ashmont St. Unit #4, Dorchester, MA 02122 |
| **Project Or Operation:** |
|  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

**A.** If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01**, the provisions under this Paragraph **A.** apply:

   **1.** Paragraph **1.b.** under **Section I - Coverage A - Bodily Injury And Property Damage Liability** is replaced by the following:

      **b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

         **(1)** The "bodily injury" or "property damage":

            **(a)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

            **(b)** Arises out of the project or operation shown in the Schedule;

         **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

> **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of **Section II**—Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

. . .

**CG 21 44 04 17**

.   .   .

## CLAIMS FOR DECLARATORY RELIEF

### COUNT I
**CLAIMS ASSERTED IN NEE ACTION DO NOT FALL WITHIN THE COVERAGE OF THE POLICY**

19. Great Lakes repeats and re-alleges the factual allegations set forth in paragraphs 1–18 as if fully restated herein.

20. The claims asserted in the Nee Action to do not fall within the coverage provided by the Policy.

21. Coverage A provides coverage for claims of "bodily injury" and "property damage".

22. Nee's claims do not concern "bodily injury" or "property damage", nor do these claims constitute an accident or an "occurrence", under the Policy.

23. Even if there was "property damage", as defined by the Policy, such "property damage" occurred prior to the inception of the Policy, and therefore is not covered.

WHEREFORE, Great Lakes, seeks a declaration that no coverage is owed to the Defendants for the allegations in the Nee Action.

## COUNT II
### COVERAGE FOR KNOWN OCCURRENCES IS EXCLUDED

24. Great Lakes repeats and re-alleges the factual allegations set forth in paragraphs 1-22 as if fully restated herein.

25. If the allegations in the Nee Action are determined to concern "property damage", as defined under the Policy, coverage is excluded.

26. The Trustees, the Association and/or the residential unit owners were aware of the condition of Unit 4 prior to the inception of the Policy.

27. The Limitation of Coverage to Designated Premises, Project or Operation endorsement excludes coverage for "property damage" known by the insured prior to the policy period.

WHEREFORE, Great Lakes, seeks a declaration that no coverage is owed to the Defendants for the allegations in the Nee Action.

## COUNT III
### DAMAGE TO PROPERTY THE INSURED OWNS OR OCCUPIES IS EXCLUDED

28. Great Lakes repeats and re-alleges the factual allegations set forth in paragraphs 1-26 as if fully restated herein.

29. The Policy also provides that "property damage" to property owned by the insured is excluded from coverage.

30. To the extent there is "property damage", as defined by the Policy, and an insured is deemed the owner of the property, coverage is excluded.

WHEREFORE, Great Lakes, seeks declaration that no coverage is owed to the Defendants for the allegations in the Nee Action.

254340983v.2

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Great Lakes Insurance SE, respectfully requests that this Honorable Court enter judgment declaring:

A.  Great Lakes owes no obligation to provide coverage to the Trust or the Association;

B.  Great Lakes should recover costs for this law suit; and

C.  Such other and further relief as this Honorable Court may deem just and proper.

Plaintiff,

GREAT LAKES INSURANCE SE,

By its attorneys,

/s/ Christopher P. Flanagan
Christopher P. Flanagan BBO# 567075
Christopher.Flanagan@WilsonElser.com
WILSON ELSER
260 Franklin Street, 14th Floor
Boston, MA 02110-3112
(617) 422-5306

Dated: July 13, 2021